MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent from that aspect of the majority opinion which approves Instruction 20.
The court instructed this jury that “market value” means the price at which a merchant offers goods for sale. The asking price is not necessarily market value. The instruction took this issue from the jury improperly. Market value is the price that a willing buyer will pay in a free and open atmosphere.
The burden of proof here was upon the State to show that the value of the property exceeded $150. The majority opinion relieves the State from its burden. The majority opinion states:
“We determine that in this case it was not error to instruct that the market value of the boots meant their retail price. Here there was no other evidence of the market value of the boots. Certainly here the wholesale price of the merchant could not be considered their market value. While the instruction that the retail price of the merchandise was the market value of the property was mandatory in nature, and a comment on the evidence as well, it was a necessary instruction in this case where the only other evidence of the value of the boots was the wholesale value. . .”
The majority seems to be saying that where the State fails in its burden to produce evidence establishing value in excess of $150, but does offer evidence of retail price, the court through an instruction can remedy the problem by *458 telling the jury they must accept retail price as market value. I am at a loss to understand the position the majority has here taken.
The majority concludes as follows:
“There is, we think, a dearth of one-legged men in Billings who need a left-footed cowboy boot. There is no weight to the second issue. In short, Barker has no leg to stand on.”
I have carefully and painstakingly searched this record but find no evidence to support the majority’s reference to the number of one-legged men in Billings. Furthermore, I find that Barker does, indeed have a leg upon which to stand. In fact, in my opinion, the trial court “booted” this case by giving Instruction 20.
I would reverse and remand for a new trial.